## LOUCKS v. WINNE.

(Supreme Court, Appellate Division, Third Department. June 18, 1908.)

REPLEVIN—CROPS—RIGHT TO POSSESSION OF HAY—QUESTION FOR JURY.

In an action by the lessee of land against one claiming under a subsequent and conflicting lease to recover the possession of hay cut from the premises, evidence *held* sufficient to present a question for the jury as to whether plaintiff was in the actual possession of the land at the time of the appropriation of the hay by defendant, so as to entitle plaintiff to recover the crop removed.

Appeal from Trial Term, Albany County.

Action by J. Harris Loucks against Le Roy Winne. From a judgment dismissing complaint, plaintiff appeals. Reversed and remanded.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Harris & Rudd (William L. Visscher, of counsel), for appellant.
Charles Irving Oliver, for respondent.

JOHN M. KELLOGG, J. The hay in dispute was cut most of it by the defendant, but a part of it by the plaintiff, upon premises of which both of them claimed to be the lessee for a year. The trial justice took the case from the jury, and directed the dismissal of the plaintiff's complaint, upon the ground that the plaintiff had not shown that he was in the actual possession of the premises in question, and therefore replevin could not be maintained. Plaintiff requested to go to the jury on the question whether the defendant was in the actual possession of the land, whether any act of the defendant as to the possession was ever brought to the attention of the plaintiff, whether the plaintiff had a valid lease of the premises in question, whether there was an open, long continued actual possession of the premises in question on the part of the defendant, and whether the defendant's possession had been so long continued as to create in him an adverse possession, each of which requests was denied and an exception noted to the plaintiff.

Teunis Slingerland owned the old homestead farm, of which he conveyed about 75 acres, being the land east of the creek, to his daughter Mary Joslin. This land east of the creek had been leased from year to year to the plaintiff, whose lease expired April 1, 1907. In the fall of 1906 it was agreed between Slingerland and the plaintiff, with the approval and consent of Mary Joslin, that he should have the premises for another year upon the same terms. A part of the premises was pasture land and a part meadow. Plaintiff had made a wire fence around a part of the land, the wire and posts belonging to him, which by agreement he might remove at the termination of his lease. After the lease was made to the plaintiff, it was agreed between the defendant and Slingerland that the defendant was to have the use of the old homestead farm for the next year for the keeping and maintenance of said Slingerland, and at the time of this lease Slingerland stated to the defendant that, as the plaintiff was going to study law, it was probable that he would not want the

land east of the creek, and asked if it should be included in the arrangement with the defendant. He assented to this, and it was understood between defendant and Slingerland that the land east of the creek was to be included in the arrangement with the defendant. It does not appear that Mary Joslin knew of or authorized this agreement. The defendant turned certain of his own cattle into the pasture lot east of the creek in the spring, and took in for pasture some cattle belonging to a copartnership. When the plaintiff discovered that these cattle were in the pasture, he went to each of the copartners and told them that the premises were his, and they offered to take the cattle out if he required, and he said he would prefer to have them remain there, but they must pay him for the keeping, and he went upon the meadow two or three times looking the grass over, and later entered upon it and began cutting grass, and cut for a part of two days. Defendant began cutting the grass at about the same time, and finally excluded the plaintiff from the premises. The defendant drew away all the grass which the plaintiff had cut and also what he cut, and this action is brought to recover the same.

It is clear that the plaintiff was legally entitled to the possession of the premises, and had occupied them for several years as tenant of the owner. Plaintiff's prior leases and possession, and the fact that his fence remained upon the premises, and that he claims to have made an arrangement with the copartnership for the payment of the pasturage to him, and that he asserted his ownership and was upon the premises at different times and actually began cutting grass, are facts tending to show that the plaintiff was in possession. The defendant's possession was not so clear, open, and long continued that the plaintiff had not the right to ask that it be submitted to the jury to determine whether he or the defendant was actually in possession of the premises. Upon all the evidence it was a fair question of fact whether the plaintiff, who was entitled to the premises, was not in possession so that he might recover for the crop removed.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.